UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY D. OTROSINKA,

    Plaintiff,

v.

CASE NO. 17-13112
HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA
and UNITED STATES CONGRESS,

    Defendants.
_____/

## ORDER DISMISSING THE COMPLAINT

### I. Introduction

This matter has come before the Court on plaintiff Jeremy D. Otrosinka's pro se civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff is an inmate at the Federal Correctional Institution in Milan, Michigan. The only defendant listed on the face of his complaint is the United States of America,

---

[1] "In Bivens . . . [the Supreme] Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (quoting Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001)). Where Bivens applies, "the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" Id. at 675-76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)).

- 1 -

but plaintiff also appears to be suing the United States Congress. He alleges that Congress has engaged in, and continues to engage in, a pattern and practice of unduly harming him by violating his constitutional rights and by acting in excess of its statutory authority.

Plaintiff asserts that, as a result of the defendants' conduct, he has had to conduct extensive legal research, learn federal law and constitutional principles, and determine how to challenge and apply federal law. He states that this has caused him undue stress and grave mental anguish. Plaintiff further alleges that, had it not been for unconstitutional congressional enactments, he would have enjoyed constitutionally sound legislation.

Plaintiff seeks money damages for alleged violations of the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution, the Necessary and Proper Clause of Article 1, Section 8, Clause 18 of the United States Constitution, and the Separation-of-Powers Doctrine. He also seeks a declaratory judgment stating that the defendants have violated his rights under the Fifth Amendment, the defendants' conduct is arbitrary, capricious, unlawful, and unconstitutional, and the Federal Sentencing Guidelines Manual is arbitrary, capricious, unlawful, and unconstitutional. Finally, he seeks an injunction that enjoins the defendants

from enforcing their views and practices in an unconstitutional or unlawful manner.

## II. Analysis

### A. Legal Framework

The Court has granted plaintiff permission to file his complaint without prepaying the fees and costs for this action. See ECF No. 3. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant immune from such relief." Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215 (2007). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). To prevail on a Bivens claim, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

## B. Application

Plaintiff's complaint is frivolous and fails to state a claim for several reasons. First, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." Id. Furthermore, "[t]he United States has not consented to be sued for damages based on constitutional violations," Rivera v. Saris, 130 F. Supp. 3d 397, 401 (D.D.C. 2015) (quotation marks and citations omitted), affirmed sub nom. Rivera v. Carr, 672 F. App'x 14 (D.C. Cir.

2016), and "[a] Bivens action may be brought only against individual federal officials, not against the United States," Shaner v. United States, 976 F.2d 990, 994 (6th Cir. 1992); see also Meyer, 510 U.S. at 485 (noting that the Supreme Court "implied a cause of action against federal officials in Bivens in part because a direct action against the Government was not available") (emphasis omitted).

Second, to the extent plaintiff is blaming Congress for promulgating the Federal Sentencing Guidelines, his allegations are frivolous, because the United States Sentencing Commission, not Congress, is charged with establishing federal sentencing guidelines. Beckles v. United States, 137 S. Ct. 886, 893 (2017). And the Commission is "an independent commission in the judicial branch of the United States," Mistretta v. United States, 488 U.S. 361, 368 (1989) (quoting 28 U.S.C. § 991(a)), not the legislative branch.

Third, plaintiff's allegations are vague and conclusory. He has not alleged how the defendants violated the provisions of federal law that he cites, and in a civil rights action, conclusory allegations of unconstitutional conduct, without specific facts to support the allegations, fail to state a claim. Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996).

"Some factual basis for such claims must be set forth in the pleadings." Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

Finally, the alleged injuries are not a sufficient deprivation of federal rights to warrant relief. Having to conduct his own legal research is not a compensable injury because plaintiff has not demonstrated that he was denied his constitutional right of access to the courts, as set forth in Bounds v. Smith, 430 U.S. 817 (1977). "Bounds did not create an abstract, freestanding right to . . . legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996).

As for plaintiff's "mental anguish," "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Because plaintiff has not shown that he suffered from a physical injury or the commission of a sexual act, he has no right to relief on the basis of his mental anguish.

### III. Conclusion

The United States is immune from suit, Congress is not liable for the misconduct alleged, and plaintiff has failed to state a plausible claim for relief. The Court, therefore, summarily dismisses the complaint with prejudice. The Court also certifies that an appeal from this order would be

frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated: October 24, 2017

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 24, 2017, electronic and/or ordinary mail and also on Jeremy D. Otrosinka #21214-055, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk